16148

## TANNERY v. KNIGHT
(50 S. E. (2d) 185)

*Messrs. Stoney, Crosland & Pritchard,* and *Henry T. Gaud,* of Charleston, *for Appellants,*

*Mr. Ernest F. Hollings,* of Charleston, *for Respondent,*

November 15, 1948.

TAYLOR, Justice.

This appeal arises out of a notice to quit served upon the defendants returnable in the Civil and Criminal Court of Charleston, S. C., said notice alleging that the defendants were tenants at will and that they had refused to vacate after proper notice. The matter came on for hearing before Honorable Paul Macmillan, Judge of said court, on December 16, 1947, who found for the plaintiff. Defendants appealed to the Court of Common Pleas for Charleston County. Judge Lewis, the then presiding judge of that court, after hearing said appeal, passed his order affirming the findings of the lower court and the defendants now appeal to this court upon the following five exceptions:

1. The Court erred in holding that the plaintiff had proved a tenancy at will.

2. The Court erred in holding that there was positive evidence that the defendants were tenants at will.

3. The Court erred in refusing to stay all proceedings pending the determination of the case that had been commenced in the Court of Common Pleas to determine whether or not Mrs. Etta F. Tannery was of unsound mind and whether or not Mrs. Isabelle E. Schneider was a fit and proper person to act as her committee.

4. The Court erred in holding that the Exhibits "A," "C" and "D" were properly admitted as competent testimony.

5. The Court erred in affirming the judgment of the trial judge.

Exceptions 1 and 5 pose the question of whether or not plaintiff moved a tenancy at will. Section 3 of Act No. 873, South Carolina Statutes for 1946, 44 St. at Large, p. 2584, defines a tenant at will as every person other than the owner of real estate, excepting a domestic servant and farm laborer, using or occupying real estate without an agreement, either oral or in writing, shall be deemed a tenant at will.

A study of the record discloses that Mrs. Etta F. Tannery, an elderly white lady about 78 years of age at the time of the commencement of this action, owned and resided at No. 58 Carolina Street, Charleston, S. C., and is the aunt of Mrs. Isabelle E. Schneider who had been visiting and caring for Mrs. Tannery since 1945 until a short while before the commencement of these proceedings in 1947, providing her with funds and paying her bills. In April of 1947 Mrs. Schneider first saw the appellants in the Tannery home and calling Mr. Knight aside explained to him Mrs. Tannery's condition and inquired as to what arrangements, if any, had been made for paying rent; whereupon Mr. Knight told Mrs. Schneider that no arrangements had been made for the paying of rent and was in turn informed by Mrs. Schneider that such arrangements should be made with her. No arrangements being made and nothing paid as rent, Mrs. Schneider requested the Knights to move. In May of that year Mrs. Knight agreed they would move in July after the closing of school but failed to do so and they were again requested to vacate the premises, however appellants continued to occupy the house.

At the hearing before Judge Macmillan records of the Probate Court were introduced showing that Mrs. Schneider on July 30, 1947, had petitioned the Probate Court to investigate the case of Mrs. Tannery. In compliance with Section 6234, the Code of Laws of South Carolina, 1942, two reputable physicians were appointed by the Court who after making such investigation reported to the Probate Court as follows:

"After suitable and thorough examination and evaluation of all available data, the undersigned doctors wish to make the following report:

"1. That said Etta F. Tannery, now 78 years of age, is suffering from senile mental deterioration, evidenced by loss of orientation, inability to remember, and delusional ideas and fancies.

"2. Because of the handicaps of this mental disorder, Etta F. Tannery is unable to manage her affairs and to make judgments for her best welfare.

"3. The undersigned doctors suggest that the appointment of a committee for the custody and the control of the estate of the said Mrs. Etta F. Tannery be made by the Probate Judge.

> "Olin B. Chamberlain, M. D.
> "Paul K. Switzer, M. D."

As a result of the above report Mrs. Schneider was appointed committee of the estate of Mrs. Tannery. Acting thereunder Mrs. Schneider in a letter under date of September 15, 1947, again demanded that appellants vacate. On November 15, 1947, further demand was made in writing by Mrs. Schneider's attorney in a letter addressed to both Mr. and Mrs. Knight.

Appellants refusing to vacate the premises in question, the proceedings with which we are now concerned were begun. Appellants admit that they are not the owners of the house and that they are using and occupying the premises but contend that plaintiff failed to prove that the occupancy is without an agreement between themselves (appellants) and Mrs. Tannery. Mrs. Schneider testifies as follows:

"Q. What was said at that time? A. Mrs. Knight was in the back bedroom, and Mr. Knight was there also; I called Mr. Knight aside and explained Mrs. Tannery's condition to him and I also asked him what arrangements had been made about paying rent for living in the house, and Mr.

Knight told me that no arrangements had been made about paying any rent for the place, and I told him that if any arrangements were made to make them with me. No arrangements have been made for paying any rent for the place since April 11th of this year.

"Q. So since the first time you had the conversation with Mr. Knight, nothing has been paid or done about renting the place? A. Not since the first time I asked him, and he told me that no arrangements had been made about the rent of the rooms."

Defendants (appellants) did not testify and rely upon their contention of failure of proof on the part of plaintiff (respondent).

It is apparent Mrs. Schneider was appointed committee for Mrs. Tannery on August 28, 1947, who then became charged with the care and protection of Mrs. Tannery and her property, and since that time no agreement whatever has been made with appellants. That under the above testimony and admitted facts the trial judge, who was hearing the matter without a jury, was justified in holding that appellants were occupying and using the property without an agreement either orally or in writing and that they were tenants at will.

Exceptions 1 and 5 are therefore overruled.

After respondent commenced introduction of evidence in the hearing, appellants moved for a continuance on the ground that another action had been commenced in the Court of Common Pleas for Charleston County and that a Guardian *ad Litem* had been appointed for Mrs. Tannery. Service was not had upon Mrs. Schneider and the record was not before the trial judge at the time and does not appear in this record, therefore this Court cannot say that the trial judge committed error in refusing the motion for continuance.

Exception 2 is therefore overruled.

Appellants next contend that it was error to admit into evidence three letters which were written to appellants because they contained self-serving declarations.

Respondent contends that such letters were admissible and proffered for the purpose of showing that Mrs. Schneider, the committee for Mrs. Tannery, made demand for possession of the premises in question, and with this contention we find no fault.

We are therefore of the opinion that all exceptions should be overruled and the appeal dismissed.

Judgment affirmed.

BAKER, C.J., and FISHBURNE, STUKES, and OXNER, JJ., concur.